UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

EVELYN OWENS

VERSUS

LOUISIANA STATE DEPARTMENT OF
HEALTH AND HOSPITALS, ERNEST
LORCH, THOMAS ALFORD, BARRIE
EDGAR, CLIFF MURPHY, AND THE
STATE OF LOUISIANA

CIVIL ACTION

NO: 07-743-JJB-DLD

**RULING ON MOTION TO DISMISS**

This matter is before the court on a Motion to Dismiss (doc. 4) by the defendants, the Louisiana State Department of Health and Hospitals, Ernest Lorch, Thomas Alford, Barrie Edgar, Cliff Murphy, and the State of Louisiana ("the Defendants").  Evelyn Owens has filed an opposition (doc. 7).  Jurisdiction exists pursuant to 28 U.S.C. § 1331.  Oral argument is not necessary on this issue.

**Factual Allegations**

The plaintiff, Evelyn Owens, is an African American female with a bachelor's degree from Southern University.  Ms. Owens began her employment with the Louisiana Department of Health and Hospitals in October of 1984.  The Plaintiff alleges that she experienced repeated and pervasive discrimination during the course of her employment.  On April 23, 2001, and June 5, 2001, Ms. Owens filed grievances complaining of discrimination and harassment by her employer.  Ms.

1

Owens asserts that she was subjected to retaliation as a result of these complaints. Finally, the Plaintiff alleges that she was "constructively terminated" from her employment on September 19, 2002, and the EEOC issued a right to sue letter on November 4, 2002.

On January 30, 2003, Ms. Owens attempted to intervene in the case of Bobby Smith v. Lorch, et. al. in the Louisiana Nineteenth Judicial District Court. On September 4, 2007, Judge Curtis Calloway signed an order severing Evelyn Owens's claims from those of Mr. Smith. Following severance, Ms. Owens re-filed her suit on September 21, 2007, and the instant action was then removed from Louisiana state court on October 15, 2007.

### **Plaintiff's Claims**

Based on the aforementioned factual allegations, the Plaintiff originally asserted claims of: (1) age discrimination under the Age Discrimination and Employment Act (ADEA) and La. R.S. 23:312; (2) race discrimination and (3) gender discrimination under Title VII of the Civil Rights Act of 1964 and La. R.S. 23:332; (4) employment discrimination under 42 U.S.C. § 1981; (5) reassignment to unreasonable and dangerous areas and unreasonable out-of-town assignments; (6) verbal and mental abuse and questionable enforcement of state policies; (7) intentional infliction of emotional distress; and (8) defamation. However, Ms. Owens now acknowledges that her state law claims are barred by the Eleventh Amendment,

and she further concedes that she cannot bring an action for constructive discharge under Title VII or the ADEA. Accordingly, these claims will be dismissed.

## Defendants' Defenses and Arguments

The Defendants contend that the Plaintiff has failed to allege a prima facie case of discrimination, constructive termination, retaliation, or mental anguish, and as a result, this matter should be dismissed for failure to state a claim under Fed. Rule Civ. Pro. 12(b)(6). In addition, the Defendants argue that this court lacks jurisdiction, because Article X, § 12 of the Louisiana Constitution gives the Louisiana Civil Service Commission exclusive jurisdiction over all removal and disciplinary cases. The Defendants also assert that the plaintiff's state law claims are barred by the Eleventh Amendment. Additionally, the Defendants contend that all of the plaintiff's claims have prescribed. Finally, the Defendants assert that they are entitled to an award of attorneys fees.

## Analysis

**I.    Subject Matter Jurisdiction**

The Defendants argue that this court lacks subject matter jurisdiction over Ms. Owens's claims because the Louisiana Constitution, Article X, § 12(A) gives exclusive authority over "removal and disciplinary cases" to the Louisiana Civil Service Commission. As an exception to the general rule that district courts have

jurisdiction over all civil matters, this exception is narrowly construed. *Landrum v. Board of Commissioners of the Orleans Levee District*, 685 So.2d 382, 387 (La. App. 4th Cir. 11/27/96). Specifically, "the exhaustion of either state judicial or administrative remedies is not a prerequisite to the invocation of federal relief. . . since the causes of action established by those statutes are fully supplementary to any remedy, adequate or inadequate, that might exist under state law." *Smith v. Lorch*, 730 So. 2d 530, 533 (La. App. 1st Cir. 04/01/99) (reversing dismissal of a discrimination suit against the State of Louisiana for lack of jurisdiction). Accordingly, this court has jurisdiction over the Plaintiff's federal discrimination claims.

**II.     Prescription**

Contrary to the defense's argument, prescription is not obvious from the face of the petition. Although the Civil Rights Act does not provide a specific limitations period, the Louisiana Civil Code provides for a one year prescriptive period for delictual actions from the date of injury or damage. La. Civ. Code art. 3492.

Ms. Owens alleges that she was constructively terminated on September 19, 2002.[1] She filed a discrimination charge with the EEOC, and her right-to-sue letter was issued on November 4, 2002.[2] The plaintiff further alleges that she filed a

---

[1] Petition (doc. 1), ¶ 11.

[2] *Id.*

motion to intervene in the state court case of *Smith v. Lorch* on January 30, 2003.[3] On September 4, 2007, the state court signed an order severing Ms. Owens's claims from those of Mr. Smith,[4] and she re-filed the present action on September 21, 2007.

The Supreme Court has held that commencement of a class action suspends the statute of limitations for all members of the class who would have been parties if the suit had continued as a class action. *Crown, Cork, & Seal Co., Inc. v. Parker*, 462 U.S. 345, 353-354 (1983). The reason for allowing the filing of a class action to interrupt prescription is to avoid requiring members of the class to file motions to intervene to protect themselves in the event class certification was denied. *American Pipe and Construction Co. v. Utah*, 414 U.S. 538, 554 (1974). Although there was no class action at play in this case, Ms. Owens attempted to intervene in the state court action well within the one year prescriptive period. Ms. Owens's motion to intervene interrupted prescription. Therefore, while her action was pending in state court, the prescriptive period was tolled. From the face of the petition, it appears Ms. Owens have not prescribed.

**III.    Failure to State a Claim**

    **A.    Legal Standard**

A motion to dismiss for failure to state a claim may be granted when the complaint fails to state a legally cognizable claim. Fed. R. Civ. P. 12(b)(6). The

---

[3] *Id.* at ¶ 14.

[4] *Id.* at ¶ 15.

complaint must be liberally construed in favor of the plaintiff. In deciding whether to grant a motion to dismiss for failure to state a claim, a district court must accept the facts of the complaint as true and resolve all ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

Until recently, federal courts followed the principle established in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." In *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007), the Supreme Court clarified that plausibility was also required. The Court noted that *Conley*'s "no set of facts" rule was "an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 1969.

Accordingly, this Court will apply the Supreme Court's recent pronouncement that the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974. If the plaintiff has "not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Id*.

### B. Plaintiff's ADEA Claim

Under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*., it is illegal for an employer to discharge or discrimination against an individual "with

respect to his compensation, terms, conditions, or privileges of employment" based on the individual's age. 29 U.S.C. § 623(a). The plaintiff bears the initial burden to make a prima facie showing of age discrimination under the *McDonnell Douglas* framework. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Morrison v. Weyerhauser Co.*, 119 Fed. Appx. 581, 584 (5th Cir. 2004). The plaintiff must show: (1) that she was a member of the protected class (over 40 years old); (2) that she was qualified for the position; (3) she was discharged; and (4) she was either (i) replaced by someone younger, (ii) treated less favorably than employees who were similarly situated, or (iii) was otherwise discharged because of her age. *Brown v. CSC Logic, Inc.*, 82 F.3d 651, 654 (5th Cir. 1996).

The Defendant argues that Ms. Owens's complaint should be dismissed for failure to state a claim, because she has failed to include her age in the complaint; has failed to allege that she was qualified for the position; and was not fired, but retired from the Louisiana Department of Health and Hospitals. Keeping in mind that the complaint must be viewed in the light most favorable to the plaintiff and that motions to dismiss are "disfavored" and "rarely granted," the court does not find these elements to be fatal to Ms. Owens's complaint. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

First, although the plaintiff does not specifically list her age at the time in question, it is clear that Ms. Owens could provide proof that she is a member of the

protected class.[5]  Therefore, the plaintiff will be given leave to amend her complaint to include her age at the time of her discharge.

Second, although the plaintiff does not use the word "qualified" in her complaint, the following allegations can be construed to indicate that the plaintiff believed she was qualified for her position: plaintiff "obtained her Bachelor of Science in Food and Nutrition from Southern University;"[6] "[t]hroughout her tenure Ms. Owens advanced in her career;"[7] and "Ms. Owens was also discriminated against when her supervisor, Ronald Nettie, refused to detail her to the position of Sanitarian IV despite the fact that Ms. Owens had performed the Sanitarian Manager job and despite the fact that similarly situated white, male employees were routinely detailed with pay to such a position."[8]  These allegations indicate that the plaintiff had prior training and had previously performed the tasks in question, yet she was not given the same opportunities as her counterparts.  The plaintiff has sufficiently alleged her qualifications to defeat a motion to dismiss.

Finally, the plaintiff alleges that on September 19, 2002, she "retired due to her disability,"[9] but later in the petition, she claims she was "constructively terminated

---

[5] *See* Plaintiff's Motion in Opposition (doc. 7) at 6 (indicating that Ms. Owens was 52 at the time she stopped working).

[6] Petition (doc. 1), ¶ 2.

[7] *Id.* at ¶ 3.

[8] *Id.* at ¶ 8.

[9] *Id.* at ¶ 3.

from employment on September 19, 2002."[10] Although the Defendants are correct that Ms. Owens was not "fired," that is not detrimental to her complaint because a party can resign as a result of constructive termination. A plaintiff who resigns can satisfy the "discharge requirement" of a discrimination claim by proving "constructive discharge." *Faruki v. Parsons S.I.P., Inc.*, 123 F.3d 315, 319 (5th Cir. 1997). To prove constructive discharge, a plaintiff must establish "that working conditions were so intolerable that a reasonable employee would feel compelled to resign." *Id.* In determining constructive discharge, courts are instructed to consider "evidence of badgering, harassment, or humiliation by the employer calculated to encourage the employee's resignation." *Id.*

Reviewing the allegations in the complaint alone, this court finds that the plaintiff has sufficiently alleged constructive termination. Specifically, Ms. Owens alleges that she was subjected to "repeated and pervasive discrimination, harassment and retaliation at the hands of her supervisor, Charles Methvien;"[11] "repeated and harassing calls to her personal home while she was sick, transfer to unreasonable duties, reassignment to unreasonable and dangerous areas;"[12] "questionable enforcement of the agency's policies and procedures;"[13] and was

---

[10] *Id.* at ¶ 11.

[11] *Id.* at ¶ 4.

[12] *Id.* at ¶ 5.

[13] *Id.* at ¶ 6.

"constructively terminated from employment on September 19, 2002."[14] Ms. Owens has alleged constructive termination and all elements of her age discrimination claim. Therefore, the Defendants' motion to dismiss the ADEA claim for failure to state a claim will be denied.

### C.    Plaintiff's Title VII Retaliation Claim

To succeed on a Title VII retaliation claim, the plaintiff must prove: "(1) the employee has engaged in activity protected by Title VII; (2) the employer took adverse employment action against the employee; and (3) a causal connection exists between that protected activity and the adverse employment action." *Burger v. Central Apt. Mgmt., Inc.*, 168 F.3d 875, 878 (5th Cir. 1999).

The Defendant concedes that constructive termination constitutes an "adverse employment action," but the Defendant contends that the other allegations leading up to the plaintiff's termination do not. Contrary to the cases relied on by the defense, retaliation does not require the adverse action to be a "ultimate employment decision."[15] Instead, the Fifth Circuit has followed the Supreme Court's rejection of the "ultimate employment decision" requirement, and it has held that "an

---

[14] *Id.* at ¶ 11.

[15] *See* Memorandum in Support of Motion to Dismiss (doc. 5) at 8. The defense cites to *Burger v. Central Apartment Management, Inc.* and *Mattern v. Eastman Kodak Co.* which address "ultimate employment decisions." However, the Supreme Court expressly overturned the Fifth Circuit's "restrictive" approach to employment decisions. *Burlington Northern & Santa Fe Ry v. White*, 126 S. Ct. 2405, 2410 (2006) ("We therefore reject the standards . . . that have limited actionable retaliation to so-called 'ultimate employment decisions.'").

employee suffers an adverse employment action if 'a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Holloway v. VA*, 2007 U.S. App. LEXIS 17589 *4 (5th Cir. 2007), *quoting Burlington Northern & Santa Fe Ry. v. White*, 126 S. Ct. 2405, 2415 (2006). To be actionable under Title VII, the retaliatory action must be material to a reasonable employee.

Ms. Owens has alleged retaliation in the form of "unreasonable out-of-town assignments."[16] In a similar case, the Fifth Circuit instructed a district court to consider a party's allegation of "inferior office placement" as a form of retaliation. *Lee v. VA*, 2007 U.S. App. LEXIS 14344 *14-15 (5th Cir. 2007). This court sees no distinction between unfavorable placement within one's office and unfavorable placement on an out-of-town assignment. Ms. Owens has alleged sufficient facts to support a plausible finding of retaliation, and as a result, her Title VII retaliation claim will not be dismissed.

The defense also argues that Ms. Owens's Title VII claim must fail on the merits because she was not "terminated because of her race and replaced by someone other than a black employee."[17] Ms. Owens alleges that she was detailed

---

[16] Petition (doc. 1), ¶ 10. The defense argues that placement out-of-town is not alone sufficient to constitute and adverse employment action. The court does not consider this allegation alone, but in light of the other allegations in the petition.

[17] Memorandum in Support of Motion to Dismiss (doc. 5) at 15.

to the position of Sanitarian IV "despite the fact that similarly situated white, male employees were routinely detailed with pay to such a position."[18] She also alleges that she subsequently filed grievances and was later constructively terminated from her position. Thus, reading the complaint in the light most favorable to the plaintiff, Ms. Owens has sufficiently alleged Title VII race discrimination.

### D.     Plaintiff's § 1981 Claim

The defense argues that Title VII is the exclusive legal remedy for race and sex discrimination, and as a result, the plaintiff's § 1981 claims are superceded by Title VII. This argument clearly misstates the law. The Fifth Circuit has consistently applied Supreme Court precedent and allowed courts to consider claims under both § 1981 and Title VII. *Hernandez v. Hill Country Tel. Cooperative, Inc.*, 849 F.2d 139, 143 (5th Cir. 1988). According to the *Hernandez* court, "the remedies available under Title VII are coextensive with those of § 1981 and . . . the two procedures augment each other and are not mutually exclusive." *Hernandez*, 849 F.2d at 143 (quoting *Johnson v. Railway Express Agency,* 421 U.S. 454, 459 (1975)). Furthermore, "an individual who establishes a cause of action under § 1981 is entitled to both equitable and legal relief, including compensatory and, under certain circumstances, punitive damages . . . And a backpay award under § 1981 is not restricted to the two years specified for backpay recovery under Title VII." *Johnson*, 421 U.S. at 460 (citations omitted). Accordingly, there is nothing preventing Ms. Owens from

---

[18] Petition (doc. 1), ¶ 8.

proceeding with both a § 1981 and Title VII claim at this point.

## IV.     Intentional Infliction of Emotional Distress

The Plaintiff does not wish to pursue independent tort claims for intentional infliction of emotional distress, mental anguish, humiliation, or embarrassment.[19] These allegations are included in the petition as part of the plaintiff's general damages.

## V.     Attorney's Fees

The defense has requested attorney's fees under 42 U.S.C. § 1988.  Courts interpreting this statute have awarded attorney's fees to the prevailing defendant "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation."  *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1977).  The plaintiff has alleged sufficient facts to survive a motion to dismiss, and as a result, it is premature to determine if attorneys fees are warranted in this case.  Thus, the court will refrain from awarding attorney's fees at this time.

Accordingly, the Motion to Dismiss (doc. 4) filed by the Defendants is **GRANTED IN PART AND DENIED IN PART**.  The motion is granted with respect to the following claims which are hereby dismissed:

(1) all claims made under state law;

(2) all claims regarding constructive discharge under 42 U.S.C. § 2000e;

---

[19] Plaintiff's Motion in Opposition (doc. 7) at 20.

(3) all claims regarding constructive discharge under the ADEA.

The motion to dismiss is **DENIED** in all other respects. The Plaintiff is further ORDERED to amend her petition to include her age at the time of her discharge within ten (10) days.

Baton Rouge, Louisiana, December 14, 2007.

_____
JAMES J. BRADY, JUDGE
MIDDLE DISTRICT OF LOUISIANA